**Kate Suisman**, OSB #136435
kate@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR  97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR  97113
Telephone: (503) 730-1706
Facsimile: (503) 946-3089

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SALVADOR GUTIERREZ NEGRETE, JUVENTINO AGUILAR CRUZ, ROGELIO FLAVIAN MARTINEZ, EFREN HUITRON CRUZ AND NOE HUITRON CRUZ,** individuals,<br><br>           Plaintiffs,<br><br>     v.<br><br>**COMMERCIAL ROOFING SOLUTIONS INC.**, an Oregon Domestic Business Corporation, **KENNETH BURNS**, an individual, and **MISAEL NARANJO**, an individual,<br><br>           Defendants. | Case No.: 3:18-cv-1999<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.), Oregon Wage and Hour Laws, Oregon Contractor Registration Act (ORS 658.405, *et seq*.),<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT – 1

# I. INTRODUCTION

1. Salvador Gutierrez Negrete, Noe Huitron Cruz, Rogelio Flavian Martinez, Juventino Aguilar Cruz and Efren Huitron Cruz ("Plaintiffs") bring this action against Commercial Roofing Solutions Inc., an Oregon domestic business corporation, Kenneth Burns, an individual, and Misael Naranjo, an individual, (collectively "Defendants,") under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*., "FLSA") to collect unpaid wages. Plaintiffs seek overtime and minimum wages due to them under 29 U.S.C. §§ 206, 207, liquidated damages and attorney fees under 29 U.S.C. § 216(b).

2. Plaintiffs also seek unpaid wages, penalty damages, and attorney fees for violations of Oregon wage and hour law under O.R.S. §§ 652.140, 652.150, 652.200, 653.025, 653.055, and 653.261.

3. Plaintiffs allege violations of Oregon labor contractor laws and penalty damages under ORS 658.410, 658.440, 658.453, 658.465 and 658.475.

# II. JURISDICTION

4. Jurisdiction is conferred on this court by 29 U.S.C. § 216(b), as this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq*.; 28 U.S.C. § 1331, as this action arises under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

5. Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

COMPLAINT – 2

6. Plaintiffs were each employed in interstate commerce or in the production of goods for interstate commerce, or were employed by an enterprise engaged in interstate commerce.

### III. PARTIES

7. Salvador Gutierrez Negrete, Juventino Aguilar Cruz, Rogelio Flavian Martinez, Efren Huitron Cruz and Noe Huitron Cruz are natural persons who were employed by Defendants in Tualatin, Oregon in Washington County.

8. At all times relevant to this action, Commercial Roofing Solutions Inc. ("Commercial Roofing") was an Oregon domestic business corporation operating a commercial roofing and waterproofing business. Its principal place of business is Clackamas, Oregon in Clackamas County. Commercial Roofing performs roofing and waterproofing work in Oregon and Washington.

9. Defendant Kenneth Burns ("Burns") is the President of Commercial Roofing.

10. Defendant Misael Naranjo ("Naranjo") is a labor contractor who supplied workers to Commercial Roofing.

### IV. FACTS

11. Defendants employed Salvador Gutierrez Negrete, Noe Huitron Cruz and Rogelio Flavian Martinez (the "Gutierrez Plaintiffs") from on or about February 6, 2018, to on or about April 13, 2018, to perform roofing work at a housing development ("Development") located at 8325 SW Mohawk Street in Tualatin, Oregon in Washington County.

12. Defendants employed Plaintiffs Juventino Aguilar Cruz and Efren Huitron Cruz (the "Aguilar Plaintiffs") from on or about March 28, 2018, to on or about April 13, 2018, to perform roofing work at the Development.

13. Defendant Commercial Roofing is in the business of roofing work such as that performed at the Development.

14. During Plaintiffs' employment with Defendants, Defendant Naranjo acted directly in the interest of Defendant Commercial Roofing in managing Plaintiffs' employment.

15. Roofing is an integral part of the business of constructing buildings such as the Development.

16. Defendant Naranjo had the power to hire and fire employees, to set schedules and to supervise the work of employees of Defendant Commercial Roofing.

17. Defendant Commercial Roofing knowingly used Defendant Naranjo to recruit, solicit, supply and/or employ workers for the Development.

18. Defendant Burns knowingly used Defendant Naranjo to recruit, solicit, supply and/or employ workers for the Development.

19. Defendant Naranjo recruited, solicited, supplied and/or employed construction workers, including Plaintiffs, to engage in roofing and related services for Defendant Commercial Roofing in connection with construction of the Development.

20. Defendants Naranjo received valuable remuneration for performing these activities.

21. Defendant Burns is the owner of Defendant Commercial Roofing.

22. Defendant Burns acted on behalf of Defendant Commercial Roofing in regards to the employment of Plaintiffs.

23. Defendant Naranjo did not have a labor contractor license with the Oregon Bureau of Labor and Industries at the time he recruited, solicited, supplied and/or employed workers in connection with the construction of the Development.

COMPLAINT – 4

24. Mr. Naranjo personally contracted Plaintiffs, negotiated a wage rate, and was the supervisor of Plaintiffs on behalf of Defendants.

25. Mr. Naranjo agreed to pay Plaintiffs $75 per square foot of roofing completed.

26. Defendant Commercial Roofing employed Plaintiffs.

27. Defendant Commercial Roofing controlled the scheduling of work to be performed at the Development and the hours during which Plaintiffs and other workers were permitted to work.

28. Defendant Commercial Roofing prepared payroll which was used to pay Plaintiffs.

29. Defendant Commercial Roofing provided materials for Plaintiffs' use.

30. Defendant Commercial Roofing controlled access to the worksite.

31. Defendants Commercial Roofing and Misael Naranjo jointly employed Plaintiffs for the purpose of wage payment protections under federal and Oregon state minimum wage and overtime laws.

32. The Gutierrez Plaintiffs performed work for Defendants at a number of locations in Oregon and at least one location in Washington prior to the start of work at the Development in or about March 2018.

33. After work at the Development began, Mr. Naranjo asked the Gutierrez Plaintiffs if they might know two additional workers because Mr. Burns, the boss, wanted roofers to work in groups of five. The Gutierrez Plaintiffs referred the Aguilar Plaintiffs to Mr. Naranjo to inquire about the work available at the Development.

34. On or about March 28, 2018, the Aguilar Plaintiffs were hired by Defendants and began working at the Development on a roofing team with the Gutierrez Plaintiffs.

35. At the Development, all Plaintiffs worked Mondays through Fridays, from 8 a.m. to 5:30 p.m., and took a half-hour, unpaid break for lunch each day.

36. The Gutierrez Plaintiffs were paid in cash or by personal checks from Mr. Naranjo for the first six or seven weeks they worked for Defendants.

37. Defendants stopped paying the Gutierrez Plaintiffs on or about March 26, 2018.

38. Defendants did not pay the Aguilar Plaintiffs for any of the work completed at the Development.

39. On or about April 13, 2018, Plaintiffs approached the owner of Defendant Commercial Roofing, Kenneth Burns, to discuss their unpaid wages.

40. Mr. Burns said Plaintiffs were to be paid $80 per square foot of roofing completed, a higher rate than that which Defendant Naranjo negotiated to pay Plaintiffs.

41. Mr. Burns offered to pay them a portion of their unpaid wages, contingent upon Plaintiffs waiving their right to the additional wages owed.

42. Plaintiffs refused to waive their rights to the full amount owed.

43. Plaintiffs requested their full payment from Mr. Burns on one or two other occasions over the telephone subsequent to the in-person request made on or about April 13, 2018.

44. Mr. Burns continued to offer them partial payment contingent upon Plaintiffs waiving their right to the additional wages owed.

45. Plaintiffs collectively completed approximately 253 square feet of roofing during the weeks of March 26, 2018, April 2, 2018, and April 9, 2018.

46. Plaintiffs were not paid for the weeks of March 26, 2018, April 2, 2018, and April 9, 2018.

COMPLAINT – 6

47. Defendants' failure to pay Plaintiffs for the work weeks of March 26, 2018, April 2, 2018, and April 9, 2018, resulted in Plaintiffs not being paid the minimum wage for each of those pay periods.

48. Plaintiffs worked forty-five hours each week for Defendants.

49. Defendants failed to compensate Plaintiffs at a rate of time and one half for every hour worked over 40 within a week period.

50. Among other weeks, each Plaintiff worked 45 hours during the week of April 2, 2018, to April 6, 2018. They were not paid for any of their work for this week.

51. Plaintiffs' employment with Defendants terminated on or around April 13, 2018.

52. Defendants did not pay Plaintiffs their wages upon termination or within the time required by ORS 652.140.

53. Defendants' nonpayment of wages upon termination was willful.

54. Plaintiffs, through their attorney, sent Commercial Roofing written notice of nonpayment on August 8, 2018, and it was received on August 10, 2018.

55. Plaintiffs, through their attorney, again sent Commercial Roofing Solutions Inc. written notice of nonpayment on October 30, 2018.

56. Plaintiffs, through their attorney, sent Kenneth Burns written notice of nonpayment on October 30, 2018.

57. Plaintiffs, through their attorney, sent Misael Naranjo written notice of nonpayment on November 6, 2018.

58. To date, Defendants have failed to pay Plaintiffs their wages.

## V. CLAIMS FOR RELIEF

### First Claim – Violation of FLSA

59. Defendants violated 29 U.S.C. § 206 when they failed to pay Plaintiffs the minimum wage rate for all the hours worked.

60. Defendants violated 29 U.S.C. § 207 when they failed to pay Plaintiffs overtime wages for work performed for Defendants in excess of forty hours per work week.

61. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorney fees and costs.

### Second Claim – Violation of Oregon Minimum Wage and Overtime Law

62. Defendants failed to pay Plaintiffs at the Oregon minimum hourly rate for hours worked in violation of O.R.S. § 653.025(2)(b).

63. Defendants violated O.R.S. § 653.261 and its implementing regulations when they failed to pay Plaintiffs overtime wages at a rate of time and one half their hourly wage rate for all hours worked for Defendants in excess of forty hours per work week.

64. Plaintiffs are entitled under O.R.S. § 653.055 to recover the unpaid wages, penalty damages in an amount equal to 240 times their hourly rate, and reasonable attorney fees and costs for non-payment of minimum and overtime wages.

### Third Claim – Violation of Oregon Timely Payment of Wages Law

65. Defendants failed to pay Plaintiffs all of their wages when due upon termination of their employment within the time specified in O.R.S. § 652.140.

66. Defendants' failure to pay Plaintiffs all of their wages upon termination of employment was willful.

67. Plaintiffs are entitled under O.R.S. § 652.150 to recover penalty damages in an amount equal to 240 times their hourly rate, plus reasonable attorneys' fees and costs for

Defendants' failure to pay Plaintiffs' wages upon termination.

### Fourth Claim – Acting as an Unlicensed Construction Labor Contractor
### (Defendant Naranjo)

68. Defendant Naranjo acted as a construction labor contractor in employing Plaintiffs in violation of ORS 658.410.

69. Defendant Naranjo violated ORS 658.440 in the following respects:

   a. Failing to carry a labor contractor license while acting as a construction labor contractor;

   b. Failing to comply with the terms and provisions of its employment contracts with Plaintiffs;

   c. Failing to provide Plaintiffs with written terms and condition of employment;

   d. Failing to provide a written statement itemizing each payment made to Plaintiffs.

70. Plaintiffs are each entitled, under ORS 658.453, to actual damages or $1,000, whichever is greater, for each of Defendant's violations of ORS 658.440(1)(a) through (h), plus attorneys' fees and costs.

71. Plaintiffs have no adequate remedy at law.

72. Plaintiffs are entitled, under ORS 658.475, to injunctive relief against Defendant Naranjo, as well as actual damages or $2,000, whichever amount is greater, and reasonable attorneys' fees and costs, for each of Defendant's violations of ORS 658.440(1)(i) and (j), ORS 658.440(3)(e) and 658.410.

### Fifth Claim – Using an Unlicensed Construction Labor Contractor
### (Defendant Commercial Roofing and Burns)

73. Defendants Commercial Roofing and Burns each knowingly used the services of an unlicensed labor contractor.

COMPLAINT – 9

74. Pursuant to ORS 658.415(8), Defendants Commercial Roofing and Burns are each liable to Plaintiffs for all unpaid wages for work performed at the Development and penalty wages under ORS 652.150 and ORS 653.055.

75. Pursuant to ORS 658.465(4) and 658.453(4), Defendants Commercial Roofing and Burns are each personally, jointly, and severally liable for the obligations of the other Defendant specified in paragraphs 66 and 67.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1. Award Plaintiffs their unpaid minimum wages pursuant to 29 U.S.C § 206 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2. Award Plaintiffs their unpaid overtime wages pursuant to 29 U.S.C. § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

3. Award Plaintiffs their unpaid minimum wages pursuant to O.R.S. §§ 653.025 and 653.055;

4. Award Plaintiffs their unpaid overtime wages pursuant to O.R.S. § 653.261, OAR 839-020-0030 and O.R.S. § 653.055;

5. Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' hourly wage pursuant to O.R.S. § 653.055 for failure to pay state minimum and overtime wages;

6. Award Plaintiffs civil penalties in the amount of 240 times Plaintiffs' hourly wage pursuant to O.R.S. § 652.150 for failure to pay Plaintiffs' wages promptly upon termination;

7. Award each Plaintiff actual damages or $1,000, whichever is greater, for each violations of ORS 658.440(1)(a) through (h);

8. Award each Plaintiff actual damages or $2,000, whichever is greater, for each

COMPLAINT – 10

violations of ORS 658.440(1)(i) and (j), ORS 658.440(3)(e) and 658.410;

9. Enjoin Defendants from future violations of ORS 658.405, *et seq*.

10. Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable attorney fees and costs under 29 U.S.C. § 216(b) and ORS §§ 653.055, and 652.200;

11. Award Plaintiffs pre-judgment interest on sums due under the state law claims and post-judgment interest on all claims; and

12. Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted this 19th day of November, 2018.

    /s/ Kate Suisman
**Kate Suisman**, OSB #136435
Attorney for Plaintiffs

COMPLAINT – 11